UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| 2L INC.,<br>     Plaintiff,<br><br>v.<br><br>HARVEY TOOL COMPANY, LLC,<br>     Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff 2L Inc. ("2L" or "Plaintiff") brings this action for patent infringement against

Defendant Harvey Tool Company, LLC ("Harvey" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1.　　This is an action for patent infringement under 35 U.S.C. §§ 271, *et seq.*, by 2L

against Harvey, as well as an action for breach of contract, violation of Massachusetts General

Laws c. 93A, and tort claims.

**PARTIES**

2.　　Plaintiff 2L is a Massachusetts corporation with its principal place of business in

Hudson, Massachusetts.  2L is the assignee of U.S. Patent No. 8,021,085 entitled "Engraving Tool

with a Very Strong Cutter Tip to Reduce Breakage" to Lance Nelson, issued on September 20,

2011 from the United States Patent and Trademark Office. *See* Exhibit A.  2L is in the business of

inventing, designing, engineering, and manufacturing superior quality engraving and workholding

products.  2L advertises, promotes, sells and distributes its products in interstate commerce in the

United States, specifically including the Commonwealth of Massachusetts.

3.　　Upon information and belief, Defendant Harvey is a Massachusetts limited liability

**Complaint- 1**

company organized and existing under the laws of Massachusetts, with a principal place of business at 428 Newburyport Turnpike, Rowley, Massachusetts.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because 2L asserts claims for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code, including 35 U.S.C. § 271.

5.      In addition, this Court has pendant jurisdiction over Plaintiff's claims arising under Massachusetts law pursuant to 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over Harvey.  Harvey has a principal place of business in Massachusetts.  Harvey regularly and deliberately engaged in and continues to engage in activities that result in manufacturing, using, selling, and/or offering for sale infringing products in and/or into the Commonwealth of Massachusetts and this judicial district.  Harvey, directly or through intermediaries (including distributors, retailers, and others), purposely and voluntarily offers products for sale to persons in Massachusetts.  Harvey's products, including its "Tipped Off for Hardened Steel" and "Tip Radius for Hardened Steel" product lines of carbide engraving cutters that are the subject of this patent infringement lawsuit, have been and continue to be sold to persons in Massachusetts and in this judicial district through established distribution channels.  Additionally, Harvey advertises its "Tipped Off for Hardened Steel" and "Tip Radius for Hardened Steel" products that are the subject of this suit on a website that is publicly accessible to Massachusetts residents.  Harvey has committed acts of patent infringement within the District of Massachusetts.

7.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

**Complaint- 2**

**U.S. PATENT NO. 8,021,085**

8.      On September 20, 2011, the U.S. Patent and Trademark Office, after full and fair examination, duly and legally issued to Lance Nelson as inventor United States Patent No. 8,021,085, entitled "Engraving Tool with a Very Strong Cutter Tip to Reduce Breakage" (the " '085 patent"), a true and correct copy of which is attached as Exhibit A.

9.      As is more fully reflected in the '085 patent summary of the invention, and without limitation, the invention disclosed in the '085 patent improves the strength of a conical shaped engraving tool.

10.     Plaintiff 2L is the assignee of the '085 patent.

11.     The '085 patent is valid and enforceable.

12.     2L, at all relevant times, has placed and continues to place a notice of the '085 patent (marked with U.S. Patent 8,021,085) on advertising, marketing, and product literature for its products made, offered for sale, and sold in the United States that embody one or more claims of the '085 patent (including its "Tough Tip Engraving Tool" product lines).

13.     Moreover, upon information and belief, Harvey is aware of 2L's '085 patent and Harvey's direct infringement of the '085 patent by manufacturing and selling its "Tipped Off for Hardened Steel" and "Tip Radius for Hardened Steel" product lines.

**HISTORY OF THE PARTIES**

14.     On April 8, 2016, 2L filed a complaint against Harvey in the District of Massachusetts, Case No. 1:16-cv-10684-WGY ("First Litigation").

15.     2L sought relief against Harvey for direct infringement of its '085 patent based upon Harvey's manufacturing, using, offering for sale, and/or selling products falling within the scope of claims 1-10 of the '085 patent, specifically including the "Tipped Off for Hardened Steel"

product line of carbide engraving cutters.

16.     On or about June 21, 2016, 2L and Harvey entered into a confidential settlement agreement ("Settlement Agreement")[1] based upon certain representations made by Harvey.

17.     In exchange for dismissing the First Litigation, Harvey agreed to (1) discontinue sales of the "Tipped Off for Hardened Steel" and the "Tip Radius for Hardened Steel" products[2] ("First Accused Products"); (2) not resume sales of the First Accused Products during the remaining term of the '085 patent; (3) remove from its website (and any third-party websites controlled by Harvey) all references to the First Accused Products; (4) not place on its website references to the First Accused Products during the remaining term of the '085 patent; (5) remove references to the First Accused Products in the next printing of its catalog(s); (6) not include any references to the First Accused Products in subsequent printings of catalogs; and (7) destroy any remaining inventory of the First Accused Products in its custody and/or control.

18.     In accordance with the Settlement Agreement, Harvey was to discontinue selling the First Accused Products and remove references to the First Accused Products by July 8, 2016.

19.     In accordance with the Settlement Agreement, Harvey was to destroy all remaining inventory of the First Accused Products in its custody and/or control.

20.     On June 27, 2016, 2L voluntarily dismissed the First Litigation pursuant to the terms of the settlement agreement the parties had reached.  *See* Case No. 1:16-cv-10684-WGY, Docket No. 7.

---

[1]  Pursuant to Paragraph 14 of the Settlement Agreement, the parties may disclose the Settlement Agreement and its terms and conditions to the extent required to enforce rights under the Settlement Agreement.  The Settlement Agreement is governed by the laws of the Commonwealth of Massachusetts.
[2]  See Attached Exhibits B and C for depictions of the "Tip Radius for Hardened Steel" "Tipped Off for Hardened Steel" products, available April 2016 and February 2016 respectively.

**Complaint- 4**

**CONTINUED INFRINGEMENT OF THE '085 PATENT**

21.    On or about July 14, 2016, 2L became concerned that Harvey was continuing to manufacture, use, offer for sale, and/or sell products that infringed upon 2L's '085 patent rights.

22.    Instead of complying with the terms of the Settlement Agreement and ceasing to sell infringing products, Harvey continues to sell infringing products ("Second Accused Products") under the same names as the First Accused Products – "Tipped Off for Hardened Steel" and "Tip Radius for Hardened Steel" – with a slight product redesign. *See* Exhibits D and E, Harvey's offering of the Second Accused Products, accessed on Harvey's website in September of 2016.

23.    The Second Accused Products have the same names, product numbers, descriptions, designs, and purposes of the First Accused Products.

24.    The Second Accused Products continue to infringe both literally and under the doctrine of equivalents the claims of 2L's '085 patent.

25.    Harvey fraudulently induced 2L to enter into the Settlement Agreement when all the while it planned to slightly modify the First Accused Product and continue its sales.

26.    Had 2L known that Harvey planned to continue selling infringing products, such as the Second Accused Products, 2L would not have entered into the Settlement Agreement.

**COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 8,021,085**

27.    2L incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

28.    Harvey has directly infringed, and is directly infringing, claims 1-10 of the '085 patent by, among other activities, manufacturing, using, offering for sale, and/or selling the First and Second Accused Products (collectively referred to herein as "Accused Products") in this judicial district and elsewhere in Massachusetts and the United States, without authority or license

**Complaint- 5**

from 2L.

29.     Upon information and belief, Harvey, its manufacturer(s), distributors and customers have infringed and continue to infringe, either literally or under the doctrine of equivalents, claims 1-10 of the '085 patent by at least making, using, offering for sale, and/or selling the Accused Products and are liable for infringement of the '085 patent pursuant to 35 U.S.C. §271.

30.     Harvey is not licensed under the '085 patent.

31.     As a result of Harvey's infringement of the '085 patent, 2L has been irreparably injured.  Unless such infringing acts are enjoined by this Court, 2L will continue to suffer additional irreparable injury.

32.     As a result of Harvey's infringement of the '085 Patent, 2L has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits due to loss of sales, profits, and potential sales that 2L would have made but for Harvey's infringing acts.

33.     Harvey is aware of the existence of the '085 patent and its infringement of the '085 patent has been intentional, deliberate, and willful.

## COUNT 2: BREACH OF CONTRACT

34.     2L incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

35.     2L and Harvey entered into a contract by which 2L agreed to dismiss the prior litigation in exchange for Harvey: (1) discontinuing sales of the First Accused Products; (2) not resuming sales of the First Accused Products during the remaining term of the '085 patent; (3) removing from its website (and any third-party websites controlled by Harvey) all reference to the

**Complaint- 6**

First Accused Products; (4) not placing on its website references to the First Accused Products during the remaining term of the '085 patent; (5) removing references to the First Accused Products in the next printing of its catalog(s); (6) not including any references to the First Accused Products in subsequent printings of catalogs; and (7) destroying any remaining inventory of the Accused Products in its custody and/or control.

36.     Harvey has breached the Settlement Agreement, at a minimum by continuing to advertise, offer for sale, and sell products that infringe the '085 patent such as the Second Accused Products.  Moreover, the Second Accused Products that Harvey advertises, offers for sale, and sells contain the same names, product numbers, descriptions, designs, and has the same purposes of the First Accused Products. Thus the First Accused Products and the Second Accused Products are essentially equivalent.

37.     Prior to Harvey's breach, 2L complied with the terms of the Settlement Agreement.

38.     2L has been damaged by Harvey's breach of the Settlement Agreement.

**COUNT 3: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

39.     2L incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

40.     Harvey entered into a Settlement Agreement, whereby among other things, Harvey agreed to (1) discontinue sales of the First Accused Products; (2) not resume sales of the First Accused Products during the remaining term of the '085 patent; (3) remove from its website (and any third-party websites controlled by Harvey) all references to the First Accused Products; (4) not place on its website references to the First Accused Products during the remaining term of the '085 patent; (5) remove references to the First Accused Products in the next printing of its catalog(s); (6) not include any references to the First Accused Products in subsequent printings of

**Complaint- 7**

catalogs; and (7) destroy any remaining inventory of the First Accused Products in its custody and/or control.

41.     Every Massachusetts contract implies a covenant of good faith and fair dealing between the parties to it.

42.     Harvey breached the implied covenant of good faith and fair dealing by failing to abide by the terms of the Settlement Agreement.

43.     Moreover, Harvey breached the implied covenant of good faith and fair dealing by entering into the Settlement Agreement without disclosing Harvey's intention to keep selling slightly modified products that infringe 2L's patent rights under the same names, product numbers, descriptions, designs, and for the same purposes as the First Accused Products.

44.     2L has suffered damages as a result of Harvey's failure to allow 2L to reap the full benefits of its contract with Harvey.

## COUNT 4: NEGLIGENT MISREPRESENTATION

45.     2L incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

46.     Harvey, misrepresented its intentions in entering into and obtaining the Settlement Agreement with 2L.

47.     Harvey's misrepresentations included: that it would (1) discontinue sales of the First Accused Products (2) would not resume sales of the First Accused Products; (3) remove from its website (and any third-party websites controlled by Harvey) all reference to the First Accused Products; (4) not place on its website reference to the First Accused Products during the remaining term of the '085 patent; (5) remove references to the First Accused Products in the next printing of its catalogs; (6) not include any references to the First Accused Products in subsequent printings

of catalogs; and (7) destroy any remaining inventory of the First Accused Products in its custody and/or control.

48.     The representations made by Harvey were false.

49.     Harvey made these representations to 2L for the purpose of convincing 2L to dismiss the First Litigation.  Instead of complying with its obligations, Harvey made minor modifications to the First Accused Products and continues to infringe upon the claims of the '085 patent.

50.      2L justifiably relied upon Harvey's representations, which were false.

51.     Harvey failed to exercise reasonable care and competence in dealings with 2L.

52.     As a consequence of the foregoing, 2L has suffered, and will continue to suffer damages.

## COUNT 5: FRAUDULENT INDUCEMENT

53.     2L incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

54.     Harvey made numerous false statements of material fact to 2L regarding its intentions to (i) comply with the Settlement Agreement and (ii) not infringe the '085 patent.

55.     Harvey, with the intent to deceive, knowingly made false statements – to wit, to that it would cease selling, offering for sale, and manufacturing infringing products – which were material to 2L's decision to sign the Settlement Agreement.

56.     2L relied on Harvey's representation to its detriment.

57.     Harvey continues to sell, offer for sale, and manufacture products that infringe the '085 patent.

58.     2L has been damaged as a result of Harvey's actions.

**Complaint- 9**

## COUNT 6: VIOLATION OF CHAPTER 93A

59.     2L incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

60.     Harvey made numerous false statements of material fact to 2L regarding its intentions to (i) comply with the Settlement Agreement and (ii) not infringe the '085 patent.

61.     The representations made by Harvey were false.

62.     Harvey made these representations to 2L for the purpose of convincing 2L to dismiss the First Litigation. Instead of complying with its obligations, Harvey made minor modifications to the First Accused Products and continues to infringe upon the claims of the '085 patent.

63.     Harvey made these representations with the intention that 2L rely upon them.

64.     2L did rely upon Harvey's misrepresentations to its detriment.

65.     Harvey representatives made these representatives with knowledge of their falsity or with reckless disregard as to whether the statements were true.

66.     Harvey failed to exercise reasonable care and competence in its dealings with 2L.

67.     As a direct, proximate, and foreseeable result of the misrepresentations by Harvey as described herein, 2L has suffered financial damages and will continue to suffer damages to its detriment.

68.     Moreover, Harvey knowingly violated a contractual obligation, *i.e.,* its obligations under the Settlement Agreement, for the purpose of securing unwarranted benefits.

69.     Harvey's acts of unfair competition have been committed or engaged in without justification.

**Complaint- 10**

70.     As a consequence of the foregoing, 2L has suffered and will continue to suffer damages.

## COUNT 7: FRAUD AND DECEIT

71.     2L incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

72.     Harvey made numerous material representations to 2L regarding the cessation of sales and discontinuation of manufacturing and offering for sale the First Accused Products.

73.     Harvey's representations were false.

74.     Harvey made these representations to 2L for the purpose of 2L dismissing the First Litigation against it.   Instead of complying with its obligations, Harvey made minor modifications to the First Accused Products and continues to infringe upon the claims of the '085 patent.

75.     Harvey made these representations with the intention that 2L rely on them.

76.     2L did rely upon Harvey's misrepresentations to its detriment.

77.     Harvey representatives made these misrepresentations with knowledge of their untruth or with reckless disregard for whether the statements were true.

78.     As a direct, proximate, and foreseeable result of the misrepresentations by Harvey, 2L has suffered financial damages and will continue to suffer damages to its detriment.

## PRAYERS FOR RELIEF

WHEREFORE, 2L requests the following relief:

(a)     enter judgment in favor of Plaintiff 2L with respect to each of the foregoing Causes of Action;

(b)     equitable relief under 35 U.S.C. § 283, including, but not limited to, an injunction that enjoins Harvey and any of its officers, agents, employees, assigns,

**Complaint- 11**

representatives, privies, successors, and those acting in concert or participation with them from infringing, contributing to, and/or inducing infringement of the '085 patent;

(c)      award multiple damages pursuant to Mass. Gen. Laws c. 93A;

(d)      an award of damages sufficient to compensate 2L for infringement of the '085 patent by Harvey, together with prejudgment, post-judgment interest and costs under 35 U.S.C. § 284

(e)      an accounting for damages;

(f)      an order compelling Harvey to compensate 2L for any ongoing and/or future infringement of the '085 patent, in an amount to be determined;

(g)      a judgment holding that this is an exceptional case under 35 U.S.C. § 285 awarding 2L its reasonable attorney fees and expenses; and

(h)      such other relief as deemed just and proper by the Court.

### JURY TRIAL DEMAND

Plaintiff 2L demands a trial by jury on all issues triable by right of jury.

Respectfully Submitted by 2L,

By and through its attorneys,

Dated:  October 6, 2016        */s/ Catherine Rajwani*

Catherine I. Rajwani, Esq. (BBO# 674443)
Lucia A. Passanisi, Esq. (BBO# 691189)
THE HARBOR LAW GROUP
300 West Main Street, Building A, Unit 1
Northborough, MA 01532
Phone:  (508) 393-9244
Fax:  (508) 393-9245
Email:  crajwani@harborlaw.com
Email:  passanisi@harborlaw.com

**Complaint- 12**