**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| 2L INC.,<br>        Plaintiff<br>v.<br><br>HARVEY TOOL COMPANY, LLC,<br>        Defendant. | Civil Action No. 1:16-cv-12020-WGY<br><br>**JURY TRIAL DEMANDED** |
| HARVEY TOOL COMPANY, LLC,<br>        Counter-Plaintiff<br>v.<br><br>2L INC.,<br>        Counter-Defendant. | |

## 2L INC.'S ANSWER TO
## HARVEY TOOL COMPANY, LLC'S AMENDED COUNTERCLAIMS

Plaintiff and counter-defendant 2L Inc. ("2L") answers Harvey Tool Company, LLC's ("Harvey Tool") amended counterclaims (Docket No. 40) as follows:

1. 2L is without sufficient information to admit or deny paragraph 1.

2. Admitted.

3. Admitted that 2L's Amended Complaint sets forth several causes of action, including patent infringement. Denied as to the remainder of paragraph 3.

4. Admitted.

## COUNT I – DECLARATORY JUDGMENT
## OF NONINFRINGEMENT- ORIGINAL DESIGN ACCUSED PRODUCTS

5. Admitted.

6. Admitted.

7. Admitted that the 2L and Harvey Tool entered into a Confidential Settlement Agreement. Denied that Docket No. 14 as filed by Harvey Tool is the Confidential Settlement Agreement.

8.  Document 14 speaks for itself, thus no response is required from 2L. Further answering, no response is required as to Harvey Tool's definitions.

9.  Denied.  Further answering, there were no Exhibits A and B attached to the settlement agreement that was signed between Harvey Tool and 2L on June 21, 2016.

10. Denied. Further answering, Peter Jenkins sent proposed exhibits via email for comment and consideration.  No exhibits were exchanged, attached, signed, or initialed when 2L and Harvey Tool circulated the final settlement agreement.

11. Denied to the extent that Harvey Tool argues Docket No. 14 is the agreed upon settlement agreement. 2L admits Lance Nelson signed and initialed a 4-page settlement agreement. Such settlement agreement signed by Lance Nelson did not include exhibits.

12. Docket No. 14 is a document that speaks for itself, thus no response is required from 2L.

13. Paragraph 13 calls for a legal conclusion, thus no response is required.

14. Admitted that Harvey Tool made a payment to 2L. Denied as to the remainder of paragraph 14.

15. Denied. Further answering, paragraph 15 calls for a legal conclusion for which no response is required.

16. Paragraph 16 calls for a legal conclusion for which no response is required.  Further answering, to the extent a response is required, 2L denies paragraph 16.

17. Paragraph 17 calls for a legal conclusion for which no response is required. Further answering, to the extent a response is required, denied.

18. 2L denies that Docket No. 14 is the confidential settlement agreement that it signed, thus paragraph 18 is denied.  Further answering, Docket No. 14 speaks for itself, thus no response is required from 2L. To the extent a response is required, denied.

**2L's Answer and Affirmative Defenses to Amended Counterclaims- 2**

19. Docket No. 14 speaks for itself, thus no response is required from 2L. To the extent a response is required, denied.

20. Paragraph 20 calls for a legal conclusion, thus no response is required. To the extent a response is required, denied.

21. Paragraph 21 calls for a legal conclusion for which no response is required.  To the extent a response is required, denied.

22. Paragraph 22 calls for a legal conclusion for which no response is required.  To the extent a response is required, denied.

COUNT II – DECLARATORY JUDGMENT OF BREACH OF
CONTRACT AND FOR ENFORCEMENT OF SETTLEMENT AGREEMENT

23. 2L incorporates its responses and objections in paragraphs 1-22 above as if fully set forth herein.

24. Denied.

25. Denied.

26. Denied.

COUNT III – DECLARATORY JUDGMENT OF
NON-INFRINGEMENT- NEW DESIGN ACCUSED PRODUCTS

27. 2L incorporates its responses and objections in paragraphs 1-26 above as if fully set forth herein.

28. Denied.

29. Admitted that Harvey Tool wrote to 2L of a purported new set of tools.  2L denies that such tools referenced in the letter contained any distinction between what Harvey Tool has called the Original Design Products and what 2L has called the First Accused Products.

30. Admitted that 2L asserts that Harvey Tool's purported new products infringe U.S. Patent

No. 8,021,085 (the "'085 Patent").

31. Paragraph 31 calls for a legal conclusion for which no response is required. In addition, the '085 Patent speaks for itself, thus no response is required. Further answering, to the extent a response is required, 2L denies Harvey Tool's characterization set forth in paragraph 31.

32. Paragraph 32 calls for a legal conclusion for which no response is required. In addition, the '085 Patent speaks for itself, thus no response is required. Further answering, to the extent a response is required, 2L denies Harvey Tool's characterization set forth in paragraph 32.

33. The '085 Patent speaks for itself, thus no response is required by 2L. Further answering, to the extent Harvey Tool seeks to include its own interpretation of the '085 Patent, denied.

34. The '085 Patent speaks for itself, thus no response is required by 2L. Further answering, to the extent Harvey Tool seeks to include its own interpretation of the '085 Patent, denied.

35. The '085 Patent speaks for itself, thus no response is required by 2L. Further answering, to the extent Harvey Tool seeks to include its own interpretation of the '085 Patent, denied.

36. The '085 Patent speaks for itself, thus no response is required by 2L. Further answering, to the extent Harvey Tool seeks to include its own interpretation of the '085 Patent, denied.

37. Paragraph 37 calls for a legal conclusion for which no response is required. Further answering, the '085 Patent speaks for itself, thus no response is required from 2L. To the extent a response is required, denied as to Harvey Tool's characterization set forth in paragraph 37.

38. Paragraph 38 calls for a legal conclusion for which no response is required. Further answering, the '085 Patent speaks for itself, thus no response is required from 2L. To the extent a response is required, denied as to Harvey Tool's characterization set forth in

paragraph 38.

39. Paragraph 39 cites to a document that speaks for itself, thus no response is required.  Further answering, paragraph 39 calls for a legal conclusion for which no response is required.  To the extent a response is required, denied as to Harvey Tool's characterization set forth in paragraph 39.

40. Paragraph 40 cites to a document that speaks for itself, thus no response is required.  Further answering, to the extent a response is required, denied as to Harvey Tool's characterization set forth in paragraph 40.

41. Paragraph 41 cites to a document that speaks for itself, thus no response is required.  Further answering, paragraph 41 calls for a legal conclusion for which no response is required.  To the extent a response is required, denied as to Harvey Tool's characterization set forth in paragraph 41.

42. Paragraph 42 cites to a document that speaks for itself, thus no response is required.  Further answering, to the extent a response is required, denied as to Harvey Tool's characterization set forth in paragraph 42.

43. 2L is without sufficient information to admit or deny paragraph 43, therefore denied.

44. 2L is without sufficient information to admit or deny paragraph 44, therefore denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## RESPONSE TO HARVEY TOOL'S PRAYER FOR RELIEF

2L denies that Harvey Tool is entitled to the relief sought in its Prayer for Relief.

## DEMAND FOR JURY TRIAL

2L requests a jury trial on all issues so triable.

## 2L'S AFFIRMATIVE DEFENSES

In Plaintiff 2L Inc.'s Opposition to Harvey Tool Company, LLC's Motion to Dismiss and Motion for an Award of Attorney's Fees and Costs Pursuant to Confidential Settlement Agreement (Docket No. 16); Plaintiff 2L Inc.'s Opposition to Defendant Harvey Tool Company LLC's Partial Motion to Dismiss Pursuant to Rule 12(B)(6) and For An Award of Attorney's Fees and Costs (Docket No. 21); and the Amended Complaint (Docket No. 15), 2L contests that Docket No. 14, which Harvey Tool has claimed to be the CSA, is in fact the confidential settlement agreed upon by the parties.   2L reserves and restates such defenses as detailed in such previous filings.

Moreover, 2L has requested leave to amend its amended complaint (Docket No. 44) which has not yet be fully briefed and for which the Court has not rendered a decision.  Should the Court be inclined to allow 2L to amend its complaint, 2L reserves the right to assert any affirmative defenses as a result of its second amended complaint, including but not limited to arguing that any portion of Harvey Tool's counterclaims are moot.

In addition to the affirmative defenses discussed above, as affirmative defenses, but without assuming any burden that it would not otherwise have, 2L alleges the following and reserves the right to amend or add affirmative defenses as additional information becomes available.

## **First Affirmative Defense**

Harvey Tool's claims are barred in whole or in part for failure to state a claim upon which

relief can be granted.

## **Second Affirmative Defense**

Docket No. 14, which Harvey Tool offered as the Confidential Settlement Agreement, is not the settlement agreement signed and agreed upon by the parties.

## **Third Affirmative Defense**

Harvey Tool engaged in fraud, fraudulent, and/or negligent misrepresentation in inducing 2L to sign the original settlement agreement, such that the settlement agreement and any release therein can be revoked.

## **Fourth Affirmative Defense**

Harvey Tool is barred in whole or in part under principles of equity, including without limitation, waiver, estoppel, and/or unclean hands.

## **Fifth Affirmative Defense**

At all times, 2L acted in good faith and without improper purpose and 2L has not engaged in any conduct rendering this case exceptional under 35 U.S.C. § 285.   Accordingly, Harvey Tool is not entitled to recover costs, attorneys' fees, expenses, enhanced damages, or any damages or funds from 2L.

## **Sixth Affirmative Defense**

Harvey Tool has not and/or cannot prevail under the terms of the settlement agreement, thus Harvey Tool is not entitled to its reasonable attorneys' fees or costs.

Respectfully Submitted by 2L INC.,

By and through its attorneys,

Dated:  March 21, 2017

*/s/ Catherine I. Rajwani*
Catherine I. Rajwani, Esq. (BBO# 674443)
Lucia A. Passanisi, Esq. (BBO# 691189)
THE HARBOR LAW GROUP
300 West Main Street, Building A, Unit 1
Northborough, MA 01532
Phone:  (508) 393-9244
Fax:  (508) 393-9245
Email:  crajwani@harborlaw.com
Email:  passanisi@harborlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2017 the foregoing document was served electronically on all counsel of record via the Court's ECF filing system.

*/s/ Lucia A. Passanisi*