UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 2L INC.,<br>    Plaintiff<br>v.<br><br>HARVEY TOOL COMPANY, LLC,<br>    Defendant. | Civil Action No. 1:16-cv-12020-WGY<br><br>**JURY TRIAL DEMANDED** |
| HARVEY TOOL COMPANY, LLC,<br>    Counter-Plaintiff<br>v.<br><br>2L INC.,<br>    Counter-Defendant. | |

## 2L INC.'S ANSWER TO
## HARVEY TOOL COMPANY, LLC'S COUNTERCLAIMS

Plaintiff and counter-defendant 2L Inc. ("2L") answers Harvey Tool Company, LLC's ("Harvey Tool") counterclaims (Docket No. 65) as follows:

1. 2L is without sufficient information to admit or deny paragraph 1.

2. Admitted.

3. Admitted that 2L's Second Amended Complaint sets forth several causes of action, including patent infringement. Denied as to the remainder of paragraph 3.

4. Admitted.

### COUNT I – DECLARATORY JUDGMENT
### OF NONINFRINGEMENT- NEW DESIGN ACCUSED PRODUCTS

5. 2L incorporates its responses and objections above as if fully set forth herein.

6. Admitted that 2L initiated a lawsuit.

7. Admitted that 2L accused certain tools sold by Harvey Tool of infringing the '085 Patent. No response is required as to Harvey Tool's definition.

8. Admitted that 2L and Harvey Tool entered into a Confidential Settlement Agreement.

**2L's Answer and Affirmative Defenses- 1**

Denied that Docket No. 14 as filed by Harvey Tool is the Confidential Settlement Agreement.

9. Denied.

10. Admitted that Harvey Tool wrote to 2L of a purported new set of tools. 2L denies that such tools referenced in the letter contained any distinction between what Harvey Tool has called the "Original Design Products" (what 2L has called the "First Accused Products"). Further answering, upon information and belief, Harvey Tool sent the letter after it had already started selling its purported new tools, thus denied.

11. Admitted that 2L asserts that Harvey Tool's purported new products infringe U.S. Patent No. 8,021,085 (the " '085 Patent").

12. Paragraph 12 calls for a legal conclusion, for which no response is required. In addition the '085 Patent speaks for itself, thus no response is required. Further answering, to the extent a response is required, 2L denies Harvey Tool's characterization set forth in paragraph 12.

13. Paragraph 13 calls for a legal conclusion for which no response is required. In addition, the '085 Patent speaks for itself, thus no response is required. Further answering, to the extent a response is required, 2L denies Harvey Tool's characterization as set forth in paragraph 13.

14. The '085 Patent speaks for itself, thus no response is required by 2L. Further answering, to the extent Harvey Tool seeks to include its own interpretation of the '085 Patent, denied.

15. The '085 Patent speaks for itself, thus no response is required by 2L. Further answering, to the extent Harvey Tool seeks to include its own interpretation of the '085 Patent, denied.

16. The '085 Patent speaks for itself, thus no response is required by 2L. Further answering,

**2L's Answer and Affirmative Defenses- 2**

to the extent Harvey Tool seeks to include its own interpretation of the '085 Patent, denied.

17. The '085 Patent speaks for itself, thus no response is required by 2L. Further answering, to the extent Harvey Tool seeks to include its own interpretation of the '085 Patent, denied.

18. Paragraph 18 calls for a legal conclusion for which no response is required. Further answering, the '085 Patent speaks for itself, thus no response is required from 2L. To the extent a response is required, denied as to Harvey Tool's characterization set forth in paragraph 18.

19. Paragraph 19 calls for a legal conclusion for which no response is required. Further answering, the '085 Patent speaks for itself, thus no response is required by 2L. To the extent a response is required, denied as to Harvey Tool's characterization set forth in paragraph 19.

20. Paragraph 20 cites to a document that speaks for itself, thus no response is required. Further answering, paragraph 39 calls for a legal conclusion for which no response is required. To the extent a response is required, denied as to Harvey Tool's characterization set forth in paragraph 20.

21. Paragraph 21 cites to a document that speaks for itself, thus no response is required. Further answering, to the extent a response is required, denied as to Harvey Tool's characterization set forth in paragraph 21.

22. Paragraph 22 cites to a document that speaks for itself, thus no response is required. Further answering, paragraph 22 calls for a legal conclusion for which no response is required. To the extent a response is required, denied as to Harvey Tool's characterization set forth in paragraph 22.

23. Paragraph 21 cites to a document that speaks for itself, thus no response is required. Further

answering, to the extent a response is required, denied as to Harvey Tool's characterization set forth in paragraph 23.

24. 2L is without sufficient information to admit or deny paragraph 24, therefore denied.

25. 2L is without sufficient information to admit or deny paragraph 25, therefore denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## COUNT II – BREACH OF CONTRACT

31. 2L incorporates its responses and objections above as if fully set forth herein.

32. Admitted. Further answering, 2L amended the Original Complaint as a matter of course. Thus, the Original Complaint is no longer operative and is moot.

33. Admitted. Further answering, 2L amended the First Amended Complaint by leave of the Court. Thus, the First Amended Complaint is no longer operative and is moot.

34. Admitted that 2L's Original Complaint, First Amended Complaint, and Second Amended Complaint contained paragraphs referencing that what Harvey Tool has called the "Original Design" and what 2L has called the "First Accused Products" infringed the '085 Patent. Further answering, the Original Complaint, First Amended Complaint, and Second Amended Complaint do not contain a separate count stating that the Original Design Products infringed the '085 Patent.

35. Denied.

36. Denied.

**2L's Answer and Affirmative Defenses- 4**

37. Denied.

## RESPONSE TO HARVEY TOOL'S PRAYER FOR RELIEF

2L denies that Harvey Tool is entitled to the relief sought in its Prayer for Relief.

## DEMAND FOR JURY TRIAL

2L requests a jury trial on all issues so triable.

## 2L'S AFFIRMATIVE DEFENSES

In Plaintiff 2L Inc.'s Opposition to Harvey Tool Company, LLC's Motion to Dismiss and Motion for an Award of Attorney's Fees and Costs Pursuant to Confidential Settlement Agreement (Docket No. 16); Plaintiff 2L Inc.'s Opposition to Defendant Harvey Tool Company LLC's Partial Motion to Dismiss Pursuant to Rule 12(B)(6) and For An Award of Attorney's Fees and Costs (Docket No. 21); and the Second Amended Complaint (Docket No. 58), 2L contests that Docket No. 14, which Harvey Tool has claimed to be the CSA, is in fact the confidential settlement agreed upon by the parties.   2L reserves and restates such defenses as detailed in such previous filings.

In addition to the affirmative defenses discussed above, as affirmative defenses, but without assuming any burden that it would not otherwise have, 2L alleges the following and reserves the right to amend or add affirmative defenses as additional information becomes available.

### First Affirmative Defense

Harvey Tool's claims are barred in whole or in part for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

Docket No. 14, which Harvey Tool offered as the Confidential Settlement Agreement, is not the settlement agreement signed and agreed upon by the parties.

**2L's Answer and Affirmative Defenses- 5**

### Third Affirmative Defense

Harvey Tool engaged in fraud, fraudulent, and/or negligent misrepresentation in inducing 2L to sign the original settlement agreement, such that the settlement agreement and any release therein can be revoked.

### Fourth Affirmative Defense

Harvey Tool is barred in whole or in part under principles of equity, including without limitation, waiver, estoppel, and/or unclean hands.

### Fifth Affirmative Defense

At all times, 2L acted in good faith and without improper purpose and 2L has not engaged in any conduct rendering this case exceptional under 35 U.S.C. § 285.  Accordingly, Harvey Tool is not entitled to recover costs, attorneys' fees, expenses, enhanced damages, or any damages or funds from 2L.

### Sixth Affirmative Defense

Harvey Tool has not and/or cannot prevail under the terms of the settlement agreement, thus Harvey Tool is not entitled to its reasonable attorneys' fees or costs.

### Seventh Affirmative Defense

Harvey Tool has already been awarded fees and costs in connection with the Court granting 2L's motion for leave to amend the First Amended Complaint, thus Harvey Tool is not entitled to any additional fees or costs in connection with its breach of contract counterclaim and thus this claim is moot.

**2L's Answer and Affirmative Defenses- 6**

|  |  |
|---|---|
|  | Respectfully Submitted by 2L INC., |
|  | By and through its attorneys, |
| Dated:  April 24, 2017 | */s/ Catherine I. Rajwani* |
|  | Catherine I. Rajwani, Esq. (BBO# 674443) |
|  | Lucia A. Passanisi, Esq. (BBO# 691189) |
|  | THE HARBOR LAW GROUP |
|  | 300 West Main Street, Building A, Unit 1 |
|  | Northborough, MA 01532 |
|  | Phone:  (508) 393-9244 |
|  | Fax:  (508) 393-9245 |
|  | Email:  crajwani@harborlaw.com |
|  | Email:  passanisi@harborlaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2017 the foregoing document was served electronically on all counsel of record via the Court's ECF filing system.

*/s/ Lucia A. Passanisi*

**2L's Answer and Affirmative Defenses- 7**