UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 2L INC., <br>     Plaintiff <br> v. <br> HARVEY TOOL COMPANY, LLC, <br>     Defendant. | Civil Action No. 1:16-cv-12020-WGY <br><br> **JURY TRIAL DEMANDED** |
| HARVEY TOOL COMPANY, LLC, <br>     Counter-Plaintiff <br> v. <br> 2L INC., <br>     Counter-Defendant. | |

**PLAINTIFF 2L INC.'S OPPOSITION TO HARVEY TOOL COMPANY, LLC'S MOTION TO COMPEL DEPOSITIONS OF ITS EXPERT WITNESSES OR IN THE ALTERNATIVE EXCLUDE THEIR TESTIMONY AND 2L'S REQUEST FOR COSTS**

Plaintiff 2L Inc. ("2L" or "Plaintiff") hereby opposes Defendant Harvey Tool Company, LLC's ("Harvey Tool" or "Defendant") motion to compel 2L's expert witnesses or in the alternative exclude their testimony and memorandum in support thereof (Docket Nos. 83 and 84) (referred to herein as "Motion to Compel"). Harvey Tool's Motion to Compel willfully misleads the Court regarding 2L's position and the parties' prior communications regarding the necessity of expert depositions. In addition, Harvey Tool fails to provide any legal or factual basis that would entitle Harvey Tool to the relief sought in its Motion to Compel. Rather, Harvey Tool's belated Motion to Compel requests that the Court extend the deadlines to conduct expert depositions because Harvey Tool failed to notice the depositions in a timely manner. Harvey Tool seeks to penalize 2L for complying with and relying upon the deadlines in the Amended Scheduling Order (Docket No. 47 as allowed by the Court via Docket No. 56) and in turn, asks the Court to reward Harvey Tool for its failure to diligently notice expert depositions within the proscribed deadlines. As Harvey Tool fails to

**2L's Opposition to Harvey Tool's Motion to Compel- 1**

establish good cause as to why it could not adhere to the deadline, 2L respectfully requests that this Court deny Harvey Tool's Motion to Compel in its entirety and award 2L its reasonable attorney's fees and costs in connection with opposing this motion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

*i.     All discovery deadlines in this case have lapsed.*

All of the discovery deadlines in this matter have already passed and the deadline to file dispositive motions is May 9, 2017.  *See* Docket Nos. 47 and 56.  The parties' deadline to produce documents and responses to written requests was March 31, 2017.  *See id*. The deadline to complete fact depositions was April 21, 2017.  *See id.* The deadline to complete expert depositions was April 28, 2017.  *See* Docket No. 35.  The deadline to simultaneously exchange expert reports was April 24, 2017 and the deadline to exchange rebuttal expert reports was May 5, 2017.  *See* Docket Nos. 47 and 56.

*ii.     Harvey Tool has engaged in a pattern of failing to abide by discovery deadlines.*

Throughout this litigation, Harvey Tool has engaged in a pattern of disregarding deadlines. Despite the clear deadlines in this matter and the short timeframe to conduct discovery, Harvey Tool has repeatedly failed to abide by the deadlines agreed upon by the parties.  Though Harvey Tool requested that this case be tried within three months, Harvey Tool has repeatedly failed to produce discovery and/or seek discovery in a timely manner.  Indeed, Harvey Tool's pattern of behavior necessitated 2L's filing a motion to compel discovery responses (Docket No. 59), which was granted by the Court.  *See* Docket No. 67.  Pursuant to the Court's Order, Harvey Tool was required to supplement its discovery by April 21, 2017.  Instead of providing the supplemental discovery by April 21, 2017, on April 27, 2017, Harvey Tool filed a motion for clarification and sought an extension to

**2L's Opposition to Harvey Tool's Motion to Compel- 2**

provide the supplemental discovery to April 28, 2017. *See* Docket Nos. 73 and 74. The Court denied Harvey Tool's motion for clarification and extension. *See* Docket No. 78.

      iii.      *Harvey Tool failed to timely notice expert depositions.*

In accordance with the Amended Scheduling Order, 2L provided two expert reports on April 24, 2017. Harvey Tool, on the other hand, did not produce opening or rebuttal expert reports. In fact, despite being aware of the deadline for expert depositions and 2L's unwillingness to extend the deadlines, Harvey Tool failed to notice 2L's expert depositions by April 28, 2017. Instead, at approximately 3:20 p.m. on April 28, 2017 – the deadline to conduct expert depositions – Harvey Tool emailed two deposition notices for 2L's experts. *See* Exhibit A, April 28, 2017 email and attached deposition notices. Without discussing any dates with counsel for 2L, Harvey Tool noticed the deposition for 2L's damages expert for May 5, 2017 – a week after the deadline to complete expert depositions. *See id.* Harvey Tool noticed Lance Nelson's expert deposition for May 8, 2017 – ten days after the expert deposition deadline and the day before the dispositive motion deadline. *See id.* Despite being aware of the expert deposition deadline and 2L's unwillingness to grant an extension, and in an attempt to further delay this case, Harvey Tool filed the Motion to Compel on May 5, 2017, a week after the expert deposition deadline. *See* Docket No. 83 and 84. Harvey Tool requests a 3-week extension to conduct expert depositions and that it be allowed to conduct such depositions while dispositive motions are pending or, in the alternative that 2L's expert reports, which were provided in accordance with the Amended Scheduling Order, be excluded. *See id.*

      iv.      *2L repeatedly reminded Harvey Tool of the April 28, 2017 deadline, of 2L's unwillingness to extend the deadline, and of 2L's belief that expert depositions were not necessary.*

Harvey Tool purposefully misleads the Court regarding 2L's position on expert depositions. Harvey Tool's Motion to Compel and its reliance on an email dated April 7, 2017 (Docket No. 84-1),

**2L's Opposition to Harvey Tool's Motion to Compel- 3**

neglects to inform the Court of the communications between 2L and Harvey Tool regarding expert depositions.  Since the April 7, 2017 email, counsel for 2L has communicated with counsel for Harvey Tool in person, over the phone, in writing, and even in its opposition to Harvey Tool's motion for clarification, with regard to its position on expert depositions and its unwillingness to extend the April 28, 2017 deadline.

On April 21, 2017, counsel for 2L proposed that the parties forgo expert depositions to save time and costs in light of the damages at issue.  *See* April 26, 2017 email to M. Attaya memorializing counsels' April 21, 2017 discussion, attached hereto as Exhibit B.  Counsel for Harvey Tool represented that Harvey Tool would make a decision after it received 2L's expert reports.  *See id.*  On April 24, 2017, counsel for Harvey Tool emailed the Court, relying on the April 28, 2017 expert deposition deadline in an attempt to seek an extension to produce its fact discovery.  *See* April 24, 2017 email exchange attached hereto as Exhibit C.  Counsel for 2L responded that April 28, 2017 was the deadline for expert depositions.  *See id.*  On April 25, 2017, counsel for Harvey Tool suggested extending the deadlines for expert depositions to May 16, 2017.  *See* April 25, 2017 email to C. Rajwani attached hereto as Exhibit D.  Counsel for 2L responded by saying:

> Your suggestion yesterday afternoon that this deadline be extended by almost three weeks is not agreeable to 2L. We need the record closed prior to the dispositive motion deadline of May 9, 2017.
>
> As for your proposed extension to the dispositive motion deadline, 2L cannot agree to this given the parties' July trial setting.  If the dispositive motion deadlines were to be extended in accordance with your proposal below, the parties would file reply briefs and participate in a hearing on dispositive motions in late June/early July.  Judge Young would not be able to rule on the parties' dispositive motions prior to the parties' trial preparations.  As a result, the parties may be forced to incur unnecessary preparation costs on claims that may not need to be tried.
>
> 2L suggests that the parties adhere to the deadlines agreed upon and entered by the Court four weeks ago.

**2L's Opposition to Harvey Tool's Motion to Compel- 4**

*See* Exhibit B.  On April 27, 2017, in response to Harvey Tool's motion for clarification and extension to adhere to the Court's order, 2L reiterated its position by stating:

> as the parties did not change the deadline for expert depositions, in accordance with the original scheduling order, April 28, 2017 is the deadline set for expert depositions…. Harvey Tool has not noticed [the deposition of Mr. Nelson]…. 2L believes that Harvey Tool has purposefully not noticed Mr. Nelson's deposition, despite the deadline of April 28, 2017, because it wishes to move the Court for an extension of the expert depositions.  2L on the other hand – in the spirit of proportionality – has requested that the parties stipulate not to take expert depositions.

*See* Docket No. 75 at pg. 2, n. 1.

It was not until the end of the day on Friday, April 28, 2017, that Harvey Tool noticed the expert depositions.  *See* Exhibit A.  2L immediately informed Harvey Tool that counsel was not available on those two days, reiterated its position that expert depositions were not necessary, and directed Harvey Tool to file a motion to extend the deadlines for expert depositions.  *See* May 1, 2017 letter to M. Attaya (Docket 84-4).

## II.     STANDARD

Notably, Harvey Tool's motion to compel expert discovery after the deadline has lapsed fails to incorporate the relevant standard which would merit an amendment to the Amended Scheduling Order.  This is because Harvey Tool cannot establish "good cause" as to why it is entitled to such a generous extension – or any extension at all – with regard to expert depositions.  A scheduling order may be modified "only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record.'"  *See* L.R. 16.1(g); *see also*, *Cabana v. Forcier*, 200 F.R.D. 9, 14 (D. Mass. 2001).  The good cause "standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004).  "The 'good cause' test requires a showing that despite due diligence by the party seeking the extension, the deadline

**2L's Opposition to Harvey Tool's Motion to Compel- 5**

in the scheduling order could not be reasonably met." *See McLaughlin v. McDonald's Corp.*, 203 F.R.D. 45, 50, n. 4 (D. Mass. 2001).

## III. DISCUSSION

*i. Harvey Tool does not offer any "good cause" as to why the expert deposition deadline should be extended past the dispositive motion deadline.*

Harvey Tool's motion to compel 2L's expert depositions does not offer any "good cause" that would entitle it to a three week extension of the expert deposition deadline. Harvey Tool does not cite to any portions of the record that would merit an extension of the expert deposition deadlines. Rather, it shows that Harvey Tool has been anything but diligent with regard to taking the expert depositions and/or seeking relief from the Court. Harvey Tool <u>admits</u> that it noticed the expert depositions on April 28, 2017 and that it noticed the deposition for dates outside the current deadline to take such depositions. *See* Docket No. 84-3 and Exhibit A.

Moreover, Harvey Tool's Motion to Compel misleads the Court regarding 2L's position. Harvey Tool omits the fact that it has been aware for some time that 2L would not agree to extend the deadlines for expert depositions. Though Harvey Tool's Motion to Compel states that it "fully expect[ed] counsel for 2L would cooperate in establishing a new deadline for expert depositions [and that] the issue was not raised again until a telephone meet and confer held April 25, 2017" (*see* Docket No. 84 at pg. 2) *counsel for 2L discussed foregoing expert depositions on April 21, 2017 and reminded Harvey Tool of the April 28, 2017 deadline on April 24, 2017. See* Exhibits B and C.

Despite being aware of 2L's unwillingness to extend the deadlines to conduct expert depositions, Harvey Tool did not notice any expert depositions until April 28, 2017, which was the

**2L's Opposition to Harvey Tool's Motion to Compel- 6**

deadline to complete the depositions.[1] Then, despite the accelerated deadlines in this case and the looming dispositive motion deadline, Harvey Tool waited yet another week to file its Motion to Compel.

 ii. *In the Absence of Good Cause, Harvey Tool advances two illogical arguments.*

In its Motion to Compel, rather than showcasing its diligence – which it cannot do – Harvey Tool advances two arguments that do not make sense in light of the record:

> (1) that 2L retaliated against Harvey Tool because Harvey Tool chose not to rely upon experts; and (2) that Mr. Nelson's deposition needed to occur after the deadline to submit rebuttal expert reports.

Harvey Tool attributes 2L's unwillingness to extend the deadlines to "retaliation" because Harvey Tool has chosen not to rely on experts in this case. *See* Docket No. 84 at pg. 2. However, Harvey Tool's May 5, 2017, Motion to Compel was the <u>first</u> time that Harvey Tool informed 2L that it would not be relying upon any experts to advance its counterclaims and/or support its defenses. In any event, 2L informed Harvey Tool on April 21, 2017 – <u>prior to the deadline for the initial exchange of expert reports</u> – that it did not feel expert depositions to be necessary. Thus, Harvey Tool's retaliation argument is nonsensical.

Next, Harvey Tool disingenuously argues that it noticed Mr. Nelson's deposition for May 8, 2017 because the deadline to submit rebuttal expert reports was May 5, 2017. *See* Docket No. 84 at pg. 3. As Harvey Tool did not provide any expert reports on April 24, 2017, there was nothing for Mr. Nelson to rebut, and thus no reason why Mr. Nelson's deposition could not occur by the April 28, 2017 deadline to conduct expert depositions.[2] In addition, on or about March 22, 2017,

---

[1] 2L believes that Harvey Tool did not want to request to move the April 28, 2017 deadline prior to this date as it Harvey Tool was improperly relying on the April 28th date to respond to its delinquent, Court-ordered discovery.

[2] Moreover, in the joint statement, the parties had agreed that expert depositions could be completed within five business days after all expert reports had been exchanged. *See* Docket No.

**2L's Opposition to Harvey Tool's Motion to Compel- 7**

2L notified Harvey Tool that it had engaged the services of John Elmore, yet Harvey Tool again refused to notice Mr. Elmore's deposition within the deadline, despite having over a month's notice.

2L has repeatedly told Harvey Tool that it needs the record to close prior to the May 9, 2017 deadline to file dispositive motions. Now, without any good cause, Harvey Tool requests that it be permitted to take expert depositions by May 19, 2017, even though oppositions to dispositive motions are due on May 23, 2017.

    iii.    *Harvey Tool has proffered no legal support for its position that 2L's expert reports be excluded.*

Upset that 2L will not assent to an extension for the expert depositions, Harvey Tool has asked the Court for the extreme relief that 2L's expert reports be excluded. Yet, Harvey Tool has not proffered any legal support as to why expert reports – provided timely – should be excluded because of Harvey Tool's failure to notice and/or take depositions. Harvey Tool's failure to adhere to deadlines or file timely motions are simply not appropriate grounds to exclude expert testimony.

## CONCLUSION

As 2L needs the record to close prior to the summary judgment deadline of May 9, 2017, and as Harvey Tool has offered no legal, factual, or evidentiary grounds to support its motion to compel expert depositions after the deadline has passed and thus cannot establish good cause, 2L respectfully requests that this Court DENY Harvey Tool's motion to compel the expert depositions. Similarly, as Harvey Tool fails to proffer any legal support to exclude 2L's timely expert reports, 2L respectfully requests that this Court DENY Harvey Tool's motion to exclude 2L's expert reports. Finally, as

---

33 at pp. 77-8. As Harvey Tool has known for some time that it was not going to engage the services of an expert – and thus there would be no rebuttal reports – there is no reason why the depositions of 2L's experts could not be conducted within four business days following the exchange of the reports and certainly no reason for a three week extension to complete expert depositions.

**2L's Opposition to Harvey Tool's Motion to Compel- 8**

Harvey Tool has filed a motion without good cause and without any legal or evidentiary support, 2L respectfully requests that it be awarded its attorneys' fees and costs associated with filing this opposition.

|  |  |
|---|---|
|  | Respectfully Submitted by |
|  | 2L INC., |
|  | By and through its attorneys, |
| Dated:  May 8, 2017 | /s/ Catherine I. Rajwani |
|  | Catherine I. Rajwani, Esq. (BBO# 674443)<br>Lucia A. Passanisi, Esq. (BBO# 691189)<br>THE HARBOR LAW GROUP<br>300 West Main Street, Building A, Unit 1<br>Northborough, MA 01532<br>Phone:  (508) 393-9244<br>Fax:  (508) 393-9245<br>Email:  crajwani@harborlaw.com<br>Email:  passanisi@harborlaw.com |

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Lucia A. Passanisi