UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| 2L INC., <br>     Plaintiff <br> v. <br><br> HARVEY TOOL COMPANY, LLC, <br>     Defendant. |
|---|

Civil Action No. 1:16-cv-12020-WGY

**JURY TRIAL DEMANDED**

*October 10, 2017,*

*On clarification, see order on pp. 9-10.*

*William A. Young*
*District Judge*

| HARVEY TOOL COMPANY, LLC, <br>     Counter-Plaintiff <br> v. <br><br> 2L INC., <br>     Counter-Defendant. |
|---|

## JOINT MOTION FOR CLARIFICATION

Plaintiff and Counter-Defendant 2L, Inc. ("Plaintiff" or "2L") and Defendant and Counter-Plaintiff Harvey Tool Company, LLC ("Defendant" or "Harvey Tool"), (collectively referred to herein as the "Parties") respectfully request clarification from this Court regarding several issues.

### I. Relevant Procedural History

As this Court is aware, in the case at bar 2L brings the following claims against Defendant Harvey Tool Company, LLC ("Harvey Tool"): (1) Infringement of U.S. Patent No. 8,021,085 (the " '085 Patent"); (2) Breach of Contract; (3) Breach of Covenant of Good Faith and Fair Dealing; (4) Negligent Misrepresentation; (5) Fraudulent Inducement; (6) Violation of Chapter 93A; and (7) Fraud and Deceit. *See* Docket No. 58. Harvey Tool in turn asserted counterclaims for: (1) Declaratory Judgment of Non-Infringement – New Design Accused Products;[1] and (2) Breach of Contract for asserting infringement of the Original Design Accused Products. *See* Docket No. 65.

---

[1] 2L denies and disagrees with Harvey Tool's terminology of "New Design Accused Products" and "Original Design Accused Products" to the extent those terms denote new/old or a change in designs.

**Motion for Clarification- 1**

2L has proffered John Elmore as an expert to opine on damages for breach of the settlement agreement and patent infringement. Harvey Tool has not engaged or disclosed any experts. *See* Docket No. 84 at pg. 2 ("Harvey Tool [chose] not to rely upon expert witnesses").

On May 3, 2017, after receiving briefs from both parties, the Court held a *Markman* Hearing and construed the disputed terms. *See* Transcript of May 3, 2017 hearing and Docket No. 82. Both 2L and Harvey Tool then moved for partial summary judgment. *See* Docket Nos. 87-92, 94, 105, 108-111, 134-36, and 138. On June 5, 2017, 2L filed a brief concerning which claims should go before the jury. *See* Docket No. 131. Harvey Tool filed an opposition to 2L's brief.[2] *See* Docket No. 141.

On June 26, 2017, the Court gave an order from the bench concerning the Parties' motions for summary judgment. The Court ruled found that the '085 Patent claims at issue were valid and that Harvey Tool infringed the '085 Patent. *See* Docket No. 154 and June 26, 2017 Transcript ("First, the Court rules that the patent claims at issue are not indefinite, they are valid. Second, the Court rules that Claims 1 and 4 are infringed by the accused devices.").[3]

On June 27, 2017, the Court held a final pretrial conference to discuss a schedule for resolving the remaining claims. *See* Docket No. 157. The Court has set a bench trial in this matter for October 30 – November 1, 2017. *See* Docket No. 159.

---

[2] 2L believes that Harvey Tool's trial brief regarding whether any claims were waived was due on June 5, 2017 and that Harvey Tool's opposition and the arguments raised therein are belated and should not be considered. Harvey Tool's position is that its brief on the scope of the jury waiver, filed June 14, 2017, was timely and should be considered. In the Parties' Joint Pretrial Memoranda filed June 5, 2017, the Parties jointly stated that they "will file pretrial briefs on the issue" of the scope of the waiver. Dkt. 126 at p. 10. At the time, 2L gave no indication of when it planned to file its brief, did not request a synchronized filing with Harvey Tool, and has demonstrated no prejudice. Further, as 2L concedes, Harvey Tool's brief is in opposition to 2L's brief and could not have been filed prior to 2L's filing and service of its brief.

[3] In light of the Court's finding of infringement at the summary judgment phase, 2L intends to ask the Court to find on the record against Harvey Tool on its counterclaim for non-infringement.

**Motion for Clarification- 2**

## II. Clarification – Order and Scope of Trial(s) and Presence of Damages Expert

The Parties disagree as to how and when the remaining claims are to be tried. Moreover, 2L seeks guidance from the Court as to what portion of the trial this Court would like 2L to present its damages expert John Elmore. The Parties' respective positions are set forth below.

### a. Claims to be Tried Before Judge Young on October 30 – November 1, 2017

#### i. Claims 2L Believes are Going Forward in the Scheduled Bench Trial

When discussing the potential for a bench trial, and how long this would take, it was 2L's understanding that the bench trial would entail 2L's breach of contract and breach of implied covenant of good faith and fair dealing claims, which were jury-waived by agreement. *See* Docket No. 157. Counsel for 2L recalls that Harvey Tool requested that the Court also consider its breach of contract counterclaim.

When discussing 2L's claims for negligent misrepresentation, fraudulent inducement, violation of Chapter 93A, and fraud and deceit, 2L was under the impression that the Court was disinclined to "take away" its right to a jury trial. 2L understood that those claims, along with a determination of 2L's damages for patent infringement, would be decided by a jury. 2L's understanding as the remainder of the patent-related claims to be tried are set forth in more detail in section b below.

#### ii. Claims Harvey Tool Believes are Going Forward in the Scheduled Bench Trial

At the final pretrial conference, the Court advised the Parties of its limited availability of trial days in July and proposed a jury-waived trial on claims that would fit within a very limited schedule. The Court, however, did not address the scope of the jury waiver that the Parties agreed to in their Confidential Settlement Agreement ("CSA"). 2L and Harvey Tool have previously briefed their positions regarding the scope of the jury waiver in the CSA. *See* Dkt. Nos. 131 and 141. Harvey

**Motion for Clarification- 3**

Tool believes that 2L knowingly and voluntarily waived its right to a jury trial in the CSA, and that the jury waiver in the CSA unambiguously covers all of 2L's claims except for its patent infringement claim.

In the interest of judicial economy, the Court should address the scope of the jury trial waiver now. If the Court rules that the waiver encompasses more than 2L's breach of contract and breach of the covenant of good faith and fair dealing claims, the bench trial should be scheduled such that all jury-waived claims are tried together in a single trial.

Regarding the issue of damages, the Court did not suggest at the final pretrial conference that 2L could simply omit or bifurcate the damages part of its claims. If the Court is inclined to bifurcate damages, Harvey Tool has no objection. However, if damages are not bifurcated and are part of the upcoming bench trial, then Harvey Tool objects to the extent that 2L intends to introduce evidence of damages through a witness other than its disclosed expert John Elmore. Harvey Tool will address this issue through a pre-trial motion in limine.

b. **Patent Infringement and Non-Infringement Claims**

i. <u>2L's Position Regarding the Court's Finding of Patent Infringement at Summary Judgment</u>

With regard to patent infringement, 2L also understood that by finding that all of the accused products infringed the relevant asserted independent claims – Claims 1 and 4 – of U.S. Patent No. 8,021,085 (the " '085 Patent"), *see* Docket No. 154 and June 26, 2017 Transcript at pg. 12, that the Court did not anticipate the Parties going forward on patent infringement regarding the remaining asserted claims of the '085 Patent. 2L believes that it would be a waste of judicial resources to continue with a jury trial as to the remaining claims of the '085 Patent, given that all of the Harvey Tool accused products are infringing under Claims 1 and 4. Moreover, given the Court's finding of infringement, 2L believes it to be the prevailing party as to patent infringement and does not believe

**Motion for Clarification- 4**

that the Court needs to further decide infringement as to each remaining claim as 2L's full damages are available for infringement of Claims 1 and 4. 2L does not believe it is necessary to try each remaining patent claim but is prepared to do so if the Court so requires. Furthermore, though 2L does not believe such a parsing out of Count I of the Second Amended Complaint is appropriate, to the extent the Court is inclined to dismiss any portion of Count I with prejudice, 2L would oppose such a dismissal.

2L also assumed, given that the Court found that all accused products infringed and that the patent claims at issue were not indefinite but were valid, that Harvey Tool would not be moving forward with its non-infringement counterclaim and that 2L would seek a finding against Harvey Tool as to its non-infringement counterclaim. Harvey Tool has since informed 2L otherwise – and has continued to sell the infringing products since the Court's order finding infringement.

2L does not understand Harvey Tool's position as to non-infringement or patent infringement – especially in light of the dearth of evidence to support Harvey Tool's position. Harvey Tool has proffered no experts – or indeed any witnesses – to rebut Mr. Nelson's testimony or advance its case. Rather, Harvey Tool has only advanced attorney argument. 2L does not understand why the doctrine of equivalents needs to be addressed with regard to tools that the Court has already deemed to be infringing Claims 1 and 4 of the '085 Patent.

Harvey Tool has also informed 2L that it believes "the only issue the Court decided regarding validity of the '085 Patent was definiteness which is only part of Harvey Tool's invalidity defense." Harvey Tool, however, has not advanced other evidence pertaining to invalidity or any evidence that would rebut the presumption of validity *or* the Court's finding of validity.

Moreover, 2L has filed several motions *in limine* any of which would seriously impede Harvey Tool's ability to present evidence related to its defenses and or counterclaims. *See e.g.,*

**Motion for Clarification- 5**

Docket No. 119 (2L's motion *in limine* to exclude Defendant's expert testimony on invalidity and noninfringement); Docket No. 120 (2L's motion *in limine* to exclude improper references to measurement of the patent); Docket No. 121 (2L's motion *in limine* to exclude Defendant from relying upon untimely disclosed evidence); Docket No. 123 (2L's motion *in limine* to exclude Defendant from offering improper opinion testimony). To the extent that Harvey Tool intends to raise new issues or present undisclosed evidence not addressed by 2L's motions *in limine*, 2L reserves its right to file additional motions *in limine*.

In any event, the parties agree that 2L's claim for patent infringement – and to the extent viable, Harvey Tool's non-infringement claim – are not jury waived.

ii. <u>Harvey Tool's Position as to the Court's Finding at Summary Judgment and its Non-Infringement Counterclaim</u>

In this motion, 2L *for the first time* suggests dropping its previously asserted claim of infringement of Claims 2, 3, 9, and 10 of the '085 Patent. Given Harvey Tool's counterclaim for declaratory judgment of non-infringement, any dismissal of such previously asserted infringement claims should be with prejudice. Otherwise, Harvey Tool respectfully requests that the Court adjudicate 2L's claim of patent infringement for Claims 2, 3, 9, and 10 of the '085 Patent as well as Harvey Tool's counterclaim for declaratory judgment of non-infringement to clearly and unambiguously determine its rights. Harvey Tool is entitled to know the precise scope of the claims of the '085 patent. There further exists a significant public interest in full adjudication of the precise scope of the claims of the '085 Patent. In his expert report, 2L's damages expert John Elmore states that 2L believes that a third-party manufacturer's product infringes the '085 Patent and that 2L "is in the process of enforcing its patent rights with respect to that product." *See* Dkt. 133-1, at ¶ 75. Given that, according to Mr. Elmore's report, 2L is planning to assert infringement of the claims of the '085

**Motion for Clarification- 6**

Patent against another alleged infringer, this Court's full adjudication of the scope of the claims clearly is in the public interest.

Harvey Tool also believes that the Court should have granted Harvey Tool summary judgment of non-infringement under the Doctrine of Equivalents. During summary judgment briefing and at the summary judgment hearing, 2L made no argument opposing Harvey Tool's position that 2L cannot rely on the Doctrine of Equivalents. *See* Dkt. 88, at pp. 14–15. For the same reasons as discussed above, there is a public interest in a ruling that the Doctrine of Equivalents is not available to 2L with respect to the '085 Patent.

While Harvey Tool respectfully disagrees with the Court's claim construction and summary judgment rulings, in a settlement proposal under FRE 408, Harvey Tool informed 2L in writing that Harvey Tool ceased further manufacturing of the New Design tools and is now merely selling its limited remaining inventory. In fact, Harvey Tool placed the last purchase order for any of the New Design tools on July 5, 2017.

With respect to the validity of the '085 Patent, the only issue the Court has decided is that the claim limitation "thin" is not indefinite. That was the only issue relating to validity that was raised by either of the Parties in their motions for partial summary judgment. *See* Docket Nos. 87-92, 94, 105, 108-111, 134-36, and 138. Beginning with its Preliminary Invalidity Contentions (Dkt. 39), Harvey Tool disclosed prior art references in the form of prior patents which render invalid the asserted claims (1-4, 9, and 10) of the '085 Patent. Harvey Tool further provided evidence of prior art in its response and supplemental response to 2L's Interrogatory No. 8. *See* Docket Nos. 59-5 and 59-3. Moreover, evidence in support of Harvey Tool's position will be solicited at trial through the testimony of Jeff Davis and Kevin Harkins. Thus, Harvey Tool's invalidity defense based on prior art remains in the case and is supported by more than sufficient evidence.

**Motion for Clarification- 7**

### c. Sequence of Remaining Claims to be Decided

#### i. 2L's Position as to How the Remaining Claims are to Be Decided

It was 2L's understanding that the only claims to be decided by the Court during the bench trial were its claims for breach of contract, breach of the covenant of good faith and fair dealing, and Harvey Tool's counterclaim for breach of contract. 2L understood the remaining claims would be divided such that first, the Court would hold a bench trial as to 2L's breach of contract and breach of the implied covenant of good faith and fair dealing claims along with Harvey Tool's counterclaim for breach of contract and that following the bench trial, the Court would hold a hearing on the award of reasonable expenses – as provided for by the settlement agreement.[4] After the expense hearing, 2L also understood that the remaining claims – negligent misrepresentation, fraudulent inducement, violation of M.G.L. c. 93A, and fraud and deceit – along with 2L's presentation of evidence concerning its patent damages, would go before the jury. Dates for the jury component have not yet been set.

#### ii. Harvey Tool's Position as to How the Remaining Claims are to be Decided

As discussed above in section II.a.2, Harvey Tool maintains its position that 2L has waived its right to a jury trial for all remaining claims except its patent infringement claim. Accordingly, counts 2-7 of 2L's Second Amended Complaint should be tried in the upcoming bench trial.

### d. Guidance as to When 2L's Expert (John Elmore) Needs to be Present

#### i. 2L's Position

As discussed above, 2L has hired an expert – John Elmore – to opine with regard to patent infringement and breach of contract damages. Based upon the final pretrial conference, 2L

---

[4] The Settlement Agreement provides that the prevailing party is entitled to reimbursement of its reasonable expenses – including payment of its attorney's fees.

**Motion for Clarification- 8**

understood that the Court would only require Mr. Elmore to be present during the jury trial and that Mr. Elmore would not need to be present at the bench trial or expense hearing.

    ii.   <u>Harvey Tool's Position</u>

As discussed above in section II.a.2, the Court should clarify whether damages are bifurcated from the upcoming bench trial.

   **e. Trial Procedure for Adverse Witnesses**

The Parties request guidance as to the trial procedure for adverse witnesses. Both 2L and Harvey Tool have indicated that they plan to call witnesses that the other Party also plans to call (e.g., employees of the other Party). Therefore, the Parties seek clarification whether the Court allows cross-examination of a witness beyond the scope of direct examination, or whether the Court prefers a Party to recall a witness in its respective case-in-chief which may require that witness to be called more than once.

## CONCLUSION AND RELIEF REQUESTED

The Parties jointly request the Court's pre-trial guidance and seek relief as follows:

| Issue | 2L's Position | Harvey Tool's Position |
|---|---|---|
| Scope of the jury waiver | The upcoming bench trial should entail 2L's breach of contract and breach of implied covenant of good faith and fair dealing claims. | The upcoming bench trial should encompass all of 2L's claims except for its patent infringement claim, and Harvey Tool's counterclaim for breach of contract. |
| 2L's patent infringement claim and Harvey Tool's counterclaim for declaratory judgment of non-infringement | Since the Court granted summary judgment of infringement of claims 1 and 4, there need not be a jury trial to further decide infringement of claims 2, 3, | Unless 2L's infringement claim of claims 2, 3, 9, and 10 of the '085 Patent is dismissed with prejudice, Harvey Tool is entitled to know the precise scope of the |



Motion for Clarification- 9

|  |  |  |
|---|---|---|
| ~~w/M~~ | ~~9, and 10 of the '085 Patent. Harvey Tool should further not be allowed to advance its counterclaim for declaratory judgment of non-infringement.~~ | claims of the '085 patent as to be determined in a jury trial. A full adjudication of 2L's infringement claim and Harvey Tool's counterclaim for declaratory judgment of non-infringement is also in the public interest. |
| Doctrine of Equivalents | The Doctrine of Equivalents need not be addressed. | ~~The Court should rule that the Doctrine of Equivalents is not available to 2L with respect to the '085 Patent, pursuant to Harvey Tool's counterclaim for declaratory judgment of non-infringement.~~ w/M |
| Validity of the '085 Patent  w/M | ~~The Court found that the claims of the '085 Patent are valid.~~ | The Court only found that the limitation "thin" is not indefinite. The Court made no rulings as to validity based on prior art. |
| Damages expert | 2L's damages expert need not be present at the bench trial. | ~~Since 2L has no other witness available to opine on its damages, 2L's damages expert should be present at the bench trial unless (damages are bifurcated.)~~ w/M |
| Adverse witnesses | The Parties seek clarification as to the trial procedure for adverse witnesses. | ↑ *But for bias and motive, examination of adverse witnesses is limited to the scope of the direct.* |

**Motion for Clarification- 10**

Respectfully submitted this 3rd day of October, 2017.

| 2L INC. | HARVEY TOOL COMPANY, LLC |
|---|---|
| By and through counsel | By and through counsel |
| /s/ Catherine I. Rajwani | /s/ Michael E. Attaya |
| Catherine I. Rajwani (BBO# 674443) | Michael E. Attaya (BBO #548297) |
| Lucia A. Passanisi (BBO# 691189) | Cesari and McKenna, LLP |
| THE HARBOR LAW GROUP | 88 Black Falcon Avenue |
| 300 West Main Street, Building A, Unit 1 | Boston, MA 02210 |
| Northborough, MA 01532 | Telephone: (617) 951-2500 |
| Phone: (508) 393-9244 | Facsimile: (617) 951-3927 |
| Fax: (508) 393-9245 | mattaya@c-m.com |
| crajwani@harborlaw.com | |
| passanisi@harborlaw.com | |

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, counsel for 2L Inc. and Harvey Tool Company, LLC conferred and attempted in good faith to resolve or narrow the issues addressed in this motion.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Lucia A. Passanisi

**Motion for Clarification- 11**